Catron, Ch. J.
delivered the opinion of the court.
This is an action of debt brought by Munroe against Tisdale, upon an unsealed note; to which the defendant pleaded in bar, that he had not been sued within three years next after the cause of action accrued. The plea was demurred to.
Does the act of 1715 bar? It declares, that actions of trespass, detinue, trover, replevin, account, upon the case, and all actions of debt for arrearages of rent, shall be brought within three years. Does this clause extend to actions of debt, “grounded upon any lending or contract, without specialty,” as the statute 21 Jac. I, ch. 16, sec. 3, does? We think not. The act of 21 Jac. I, was of course before the legislature of the colony when the act of 1715 was passed, and we are bound to infer the clause last recited designedly dropped. Furthermore, the provision contained in the act of 1715, is definite, being part of the act of 21 Jac. was well understood when enacted, and cannot without manifest violence to the meaning of the legislature be construed to extend to actions of debt other than for arrearages of rent. 2 Saun. 64. 4 Ba. Ab. 471. So the supreme courts of North Carolina and of the United States have construed the act. Johnson vs. Green, 1 North Carolina Law Rep. 516. Hamilton and Donoho vs. Kirkman, 6 Peters’ Rep. 20.
The defendant secondly pleaded in bar, the act of 21 Jac. I, above cited. This plea was also demurred to, but the demurrer overruled in the court below, and judgment given for the defendant. Is the act of 21 Jac. in force in Tennessee? If so, it is in virtue of the act of 1715, ch. 31. It declares, that all the statute laws of England made for the limitations of actions, and preventing vexatious law' suits, &c. are and shall be in force *323 here, although this province or the plantations in general, are not named therein. The 5th section declares, that the laws of England, are the laws of the province, so far as they are compatible with the condition and trade of the country. The act of 1715, ch. 31, has been recognized as in force to some extent at all times in Tennessee, and was inserted in the late revisal of Haywood and Cobbs, after much examination as we have been informed. That it did intend to adopt other of the British acts of limitation, than those re-enacted in_the three years statute, passed by the colonial assembly at the same session, cannot he doubted. The time to form the bar was greatly reduced, and the legislature of course enumerated the instances where a shorter time should bar, than was limited by the British statutes. It followed, that the 27th chapter was an exception in favor of particular classes of claims to the general provision contained in the 31st chapter, which adopted the English acts’ of limitation without exception. This conclusion is seemingly fair, yet a difficulty presents itself, whether if we recognize the clause of the 21 Jac. I, barring actions of debt not grounded on a specially as in force, the act will not equally compel us to adopt other clauses of that act, and other acts of limitation, and for preventing vexatious law suits, and immorality and fraud, as 5 Ann. ch. 16, and 29 Car. II, of frauds. The force of this difficulty is removed to a great extent by the act of 1778, ch. 5, which adopts as the laws of North Carolina, all such statutes, and parts of the common law, as had theretofore heen in force and use in the colony, that were consistent with the then form of government.— The constitution of Tennessee, art. 10, declares, that the laws previous to its adoption which were in force and use in the territory, should so continue, until altered or repealed by the legislature. An alteration of a British statute, would generally be deemed an adoption of the part re-enacted, and a rejection of that not *324 within, the purview of the alteration. Such British statutes therefore as were not previously in use, and such as have been altered since the formation of our constitution, are not in force. Of these the court must judge.
That the clause of 21 Jac. I, barring actions of debt grounded on contract, without specialty, has been in use in North Carolina or Tennessee, is a vexed question, about which legal men have entertained different opinions, hut which has not met with a judicial determination by this court; yet it has received a high sanction, and one I am unwilling to disregard, although my mind has inclined to a different opinion. When Judge Haywood and Mr. Cobbs were appointed to revise the laws, they were instructed to insert the statutes in force, and if they disagreed, to call in Judge Brown as umpire. They disagreed as to the act of 1715, ch. 31; Mr. Brown was called on, and concurred with Mr. Cobbs, that the act was in force, and it was inserted in the Revisal (213.) Whether 21 Jac. I, barred actions of debt, such as this, was in fact the matter in reference to which the determination took place. My brother judges think it was right, and I will not say it was wrong; to do so, would be giving a stubborn force to prepossessions and doubts, inconsistent with judicial duty, and the due administration of the laws. This court doth therefore adjudge unanimously, that the clause of the British statute above recited, does bar the action, and order the judgment of the circuit court to be affirmed.
Judgment affirmed.